MCGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00250 NONE-SKO |
|---|---|
| Plaintiff, | **STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER THEREON** |
| v. | |
| ASHLEY HULLON, ET. AL. | Date: April 20, 2020<br>Time: 1:00 p.m.<br>Honorable Sheila K. Oberto |
| Defendants. | |

The United States of America, by and through MCGREGOR W. SCOTT, United States Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendants, by and through their respective attorneys of record, hereby stipulate to continue the status conference in this case from April 20, 2020 until August 3, 2020 at 1:00 p.m.

On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.  This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the [event]. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between April 20, 2020 and August 3, 2020 for the following reasons: the defendants need additional time to review the discovery, consult with their clients, and conduct further investigation. The case involves several controlled buys and approximately

6,000 pages of discovery.  Supplemental discovery was provided on March 5, 2020.  The proposed status conference date represents the earliest date that all counsel are available thereafter, taking into account counsels' schedules, defense counsel's commitments to other clients, and the need for preparation in the case and further investigation.  In addition, the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case. 18 U.S.C. Section 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.  Therefore, the parties request that the Court exclude the time until the new trial date from calculations under the Speedy Trial Act.

| Dated: April 14, 2020 | MCGREGOR W. SCOTT<br>United States Attorney |
|---|---|
| | /s/ *Kathleen A. Servatius*<br>KATHLEEN A. SERVATIUS<br>Assistant United States Attorney |
| Dated:  April 14, 2020 | /s/ *John Garland*<br>Attorney for Defendant Ralph Gonzales |

### **ORDER**

IT IS HEREBY ORDERED that the status conference in this case be continued from April 20, 2020 until August 3, 2020 at 1:00 p.m.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date

prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 20, 2020, and August 3, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **April 15, 2020**                              /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE